USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES OF APPEALS FOR THE FIRST CIRCUIT ________________ No. 94-1172 ANDRES ORTIZ ORTIZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ______________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief _______________________ _________________________ for appellant. Guillermo Gil, United States Attorney, Maria Hortensia Rios, ______________ _____________________ Assistant U.S. Attorney, and Donna McCarthy, Assistant Regional ______________ Counsel, Region I, Department of Health & Human Services., on brief for appellee. ________________ September 2, 1994 ________________ Per Curiam. Claimant, Andres Ortiz Ortiz, has ___________ appealed a district court judgment affirming a decision of the Secretary of Health and Human Services (the Secretary) which denied Ortiz's application for disability insurance benefits under the Social Security Act, 42 U.S.C. 401 et __ seq.. The Secretary concluded that Ortiz was not precluded ____ from performing other substantial gainful activity that existed in the national economy, i.e., the Secretary carried ____ the burden of proof at Step 5 of the sequential review process. See Goodermote v. Secretary of Health & Human ___ _____________________________________________ Servs., 690 F.2d 5, 7 (1st Cir. 1982). We have reviewed the ______ parties' briefs and the record on appeal. We affirm the judgment of the district court, entered on December 31, 1993, essentially for the reasons stated by the administrative law judge and district court. 1. With respect to claimant's contention that the ALJ, a lay person, could not permissibly conclude that claimant retained the residual functional capacity for light work absent an RFC evaluation from a physician, we agree with the district court's analysis. Given the dearth of evidence of any continuing physical impairment, whether claimant's alleged pain imposed any exertional limitation was an issue of credibility to be determined under the standard set forth in Avery v. Secretary of Health and Human Servs., 797 F.2d 19 _____________________________________________ (1st Cir. 1986). -2- 2. Plaintiff asserts that the ALJ did not give proper consideration to his allegations of disabling pain. Such allegations of pain must be considered by the ALJ in accordance with Avery. The hearing transcript and findings _____ amply demonstrate that the inquiry into claimant s allegations of pain conformed with Avery. _____ Judgment affirmed. _________________ -3-